UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE BREW,

                Plaintiff,                              COMPLAINT

   -against-                                  PLAINTIFF
                                                      DEMANDS
                                                      TRIAL BY JURY

PORT AUTHORITY TRANS-HUDSON
CORPORATION,

                Defendant.
------------------------------------------------------------------X

Plaintiff, by his attorney, FREDRIC M. GOLD PC, complaining of the defendant, respectfully shows to this Court and alleges:

1. The action herein arises under the Federal Employer's Liability Act (45 U.S.C. Sec. 51 et al.).

2. Upon information and belief and at all times herein mentioned, the defendant was a wholly owned subsidiary of the Port Authority of New York and New Jersey, duly authorized by the Laws of the State of New Jersey and the Laws of the State of New York; incorporated under the Laws of the State of New Jersey and the Laws of the State of New York, and the parent, The Port Authority of New York and New Jersey, is

1

a body corporate and politic created by a contract between the States of New York and New Jersey, with the consent of the Congress of the United States.

3. Upon information and belief and at all times herein mentioned, the defendant had been and still is doing business in the County, City and State of New York, within the jurisdiction of this Court.

4. At all times herein mentioned, the defendant was and now is a common carrier by rail engaged in interstate commerce between different states in the United States.

5. That on or about July 26, 2016 and at all times hereinafter mentioned the defendant employed the plaintiff as a Conductor in furtherance of its business in interstate commerce.

6. That on or about July 26, 2016 and at all times hereinafter mentioned, the defendant maintained and controlled railroad operations including offices, tracks, rails, tunnels, switches, sidings, roadbeds and appurtenances thereto in the States of New York and New Jersey, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

7. That on or about July 26, 2016 and at all times hereinafter mentioned, the defendant maintained and controlled Port Authority Trans Hudson Corporation

("PATH) trains operating between Grove Street and Journal Square in the State of New Jersey .

8. That on or about July 26, 2016 and at all times hereinafter mentioned, while the plaintiff, as an employee of the defendant, was in the performance of his duties as a Conductor while travelling on a PATH train operating between Grove Street and Journal Square in the State of New Jersey, he was caused to sustain severe and disabling injuries as a result of the negligence, carelessness and recklessness of the defendant in failing to provide him with a safe place in which to work as hereinafter set forth.

9. That on or about July 26, 2016, and at all times hereinafter mentioned, at the aforestated location, as the plaintiff was moving between train cars and waiting for someone leaning against the door of the train car he was entering to move, the train went around a curve, the cars shifted and the heel of the plaintiff's left boot got caught between two car bodies. The train shifted again causing the plaintiff's left foot and ankle to twist thus causing him to sustain severe injuries.

10. That said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their

personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Conductor; in failing to make have plates or covers over the gaps between cars; in failing to take proper precautions to prevent the happening of the accident; in failing to take steps to mitigate the hazards of the task assigned to the plaintiff; in failing to make proper and adequate provision for the safety of plaintiff; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operation of the railroad, and the defendant was otherwise generally negligent under the circumstances.

11. That the said injuries were incurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

12. That the plaintiff was damaged in a sum in excess of SEVENTY-FIVE THOUSAND ($75,000.00).

WHEREFORE, plaintiff demands judgment against defendant THE LONG ISLAND RAILROAD COMPANY, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) together with costs and disbursements.

Dated: New York, New York
January 23, 2019

        FREDRIC M. GOLD, PC
        Attorney for Plaintiff

        _____
        By:  Fredric M. Gold (3286)
        450 Seventh Avenue
        New York, New York 10123
        212.244.2740

To:    Port Authority Trans-Hudson Corporation
       4 World Trade Center
       150 Greenwich Street
       New York, NY 10007