```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GEORGE BREW,                                    :
                                                :
                        Plaintiff,              :           ORDER – TRIAL PROCEDURES
                                                :
        -v-                                     :           19-CV-648 (JLC)
                                                :
PORT AUTHORITY TRANS HUDSON                     :
CORPORATION,                                    :
                                                :
                        Defendant.              :
---------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

      In order to provide counsel with pertinent information about the procedures relating to the conduct of the trial scheduled to begin on April 27, 2020, the Court offers the following guidelines:

      1. On the first day of trial, counsel must arrive at 9:30 a.m. to Courtroom 21-D. <u>Plaintiff's first witness on the first trial day must be ready to testify immediately after jury selection has been completed.</u> On any subsequent days, counsel must arrive by 9:00 a.m., unless the Court directs otherwise. Testimony will generally be taken between 9:30 a.m. and 5:00 p.m. on each trial day. There will be a lunch break generally beginning at about 1:00 p.m. and lasting until 2:00 p.m. Counsel must return to the Courtroom by 2:00 p.m. unless otherwise directed by the Court. If at any time during trial an emergency prevents counsel's prompt attendance, counsel should immediately call the courtroom at (212) 805-0121 or chambers at (212) 805-0250.

      If counsel are aware or become aware of any reason why they will be unable to comply with the above schedule for the duration of the trial, they must notify the Court immediately by letter.

      2. When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph. Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>. Any additional requests to schedule a witness out of order and/or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness. Untimely applications will be denied. Counsel are expected to be diligent in inquiring as to the availability of all witnesses to ensure compliance with this paragraph.

3. Opening statements must be devoid of argument or discussions of the law. Their main purpose is to outline the proof so that the jurors will be able to understand the testimony of the witnesses. Each party's opening statement is limited to 15 minutes. The requirement of contemporaneous objection applies to opening statements.

4. Speaking objections are prohibited. Counsel shall say the word "objection" followed by a word or brief phrase to indicate the nature of the objection (for example, "objection, hearsay"; "objection, Rule 403"). The Court will not normally conduct a sidebar during the trial. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the jury and in advance of the time that the jury will be hearing the evidence. In the alternative, such issues must be raised at the next break in the trial and outside the presence of the jury. In the rare event that an immediate ruling is required to avoid prejudice, counsel may request a sidebar. No argument shall take place in front of the jury.

5. Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's examination of that witness. Counsel shall question the witness either from the lectern or counsel table. If it is necessary to approach the witness or the bench, counsel shall request permission from the Court to do so. No witness (or other party) shall be referred to by first name unless that witness or party is a minor. <u>Questions to witnesses shall not summarize or repeat the witness's prior testimony</u>.

6. Persons at the counsel tables shall not make gestures, facial expressions, or audible comments at any time during trial. Counsel are responsible for informing all persons at their table of this rule.

7. If counsel intend to distribute copies of documentary exhibits to the jury, a separate copy must be supplied for each juror, as well as the Court, court reporter, and opposing counsel.

8. Defendant's counsel will give closing arguments first, followed by plaintiff's counsel. No rebuttal is allowed unless plaintiff's counsel makes an argument that defendant's counsel could not reasonably have anticipated. The requirement of contemporaneous objection applies to closing arguments.

9. Counsel should make certain that they have custody of all their original exhibits during the trial. At the start of deliberations, all exhibits admitted into evidence will be automatically sent into the jury room. Counsel should regain custody of the exhibits following the verdict as the Clerk is not responsible for them. See Local Civil Rule 39.1(a).

10. Counsel and the parties should stand when the jury enters and exits the courtroom. Counsel must stand when addressing the Court, questioning a witness, or interposing an objection. Counsel or parties with disabilities will be excused from this requirement.

11. Post-verdict motions must be made within the time permitted by the applicable rules.

12. Finally, the attention of counsel is directed to Local Civil Rule 47.1, which provides that the Court may assess the parties or counsel with the cost of one day's attendance of the jurors (approximately $1000.00) if a case is settled after the jury has been summoned or during trial. A civil jury is considered summoned for a trial as of noon of the business day prior to the designated date of the trial.

**SO ORDERED.**

Dated: New York, New York
December 10, 2019

_____
JAMES L. COTT
United States Magistrate Judge